UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

QUANCIDINE HINSON-GRIBBLE,

    *Plaintiff*,

v.

UNITED STATES DEPARTMENT OF
DEFENSE, *et al.*,

    *Defendants*.

Case No. 21-cv-591-RCL

## MEMORANDUM OPINION AND ORDER

Plaintiff Quancidine Hinson-Gribble sued the United States Department of Defense; Lloyd J. Austin, III, the Secretary of Defense; the United States Department of the Army; John E. Whitley, Acting Secretary of the Army; the Office of Personnel Management; and Kathleen McGettigan, Acting Director of the Office of Personnel Management ("defendants"), for "retaliation, RICO Act violations, [and] HIPPA [sic] violations." ECF No. 1 at 2. Plaintiff's claims relate to the alleged "illega[l] confiscat[ion]" of her government identification card by officials at the Survivors Outreach Center at Fort Bragg, North Carolina. *Id.* Plaintiff alleges that this illegal confiscation ultimately led to a "national security breach" and has led to the delay of her TRICARE military health benefits. *Id.* at 2–3. She seeks $25 million in damages from each defendant. ECF No. 1 at 3. Defendants moved to dismiss. ECF No. 3. For the reasons below, the Court **GRANTS** the motion to dismiss and **DISMISSES** the complaint.

Defendants moved to dismiss for lack of subject matter jurisdiction due to sovereign immunity, ECF No. 3-1 at 4–7, and for failure to state a claim on which relief can be granted, ECF No. 3-1 at 7–9. Following the rule set in *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) (per curiam), this Court notified plaintiff, who is proceeding *pro se*, that she must respond to

1

defendants' motion to dismiss within fourteen days or the Court would treat the motion as conceded. ECF No. 4. Plaintiff sent a letter to the Court stating, among other things, that she had not received defendants' motion, so the Court extended the deadline for plaintiff's response for another thirty days. ECF Nos. 6 & 7.

Within thirty days, plaintiff timely filed two motions: an "affidavit for default," ECF No. 9, and a motion for both this Court's Order, ECF No. 6, and defendants' motion to dismiss, ECF No. 3, to be "made 'void and moot.'" ECF No. 10. As this Court has previously explained, defendants are not in default because they timely responded to plaintiff's complaint and certified that they served that motion on plaintiff. ECF No. 3-3. Accordingly, plaintiff's "affidavit for default" is **DENIED**.

It is unclear to the Court whether plaintiff's motion to find defendants' motion to dismiss "void and moot" was intended as a response. It addressed none of defendants' arguments and mainly consists of copies of this Court's Order and defendants' motion with pen strokes and "VOID AND MOOT" scrawled across each page. ECF No. 10 at 5–23. But whether it was intended as a response is irrelevant. If the motion was not, this Court will treat defendants' motion as conceded and will **DISMISS** plaintiff's complaint as warned. ECF No. 4 ("If Mrs. Hinson-Gribble does not timely respond to defendants' motion to dismiss, ECF No. 3, the Court will treat defendants' motion as conceded and will dismiss the complaint.").

Alternatively, if it *was* intended as a response, plaintiff failed to address any of defendants' arguments. Instead, she quibbled over whether defendants properly filed the "Text of Proposed Order"—they did, ECF No. 3-2—or whether the undersigned's signature was "rubber stamped." ECF No. 10 at 1. Accordingly, defendants' arguments that this Court lacks jurisdiction and that plaintiff failed to state a claim are conceded. "It is well understood in this Circuit that when a

plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that plaintiff failed to address as conceded." *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 3d 15, 25 (D.D.C. 2003).

For either reason, the Court **GRANTS** defendants' motion to dismiss and **DISMISSES** plaintiff's complaint.

It is **SO ORDERED**.

Date: November 19, 2021

Hon. Royce C. Lamberth
United States District Judge